## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | | |
|---|---|---|
| KRISTIN SORENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  21-cv-596 |
| | ) | |
| SOURCE SOLUTIONS | ) | |
| MANAGEMENT, LLC and GREGORY L. | ) | |
| HOPKINS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, KRISTIN SORENSON ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SOURCE SOLUTIONS MANAGEMENT, LLC and GREGORY L. HOPKINS, individually, ("Source" and "Hopkins" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Wisconsin Consumer Act ("WCA"), WIS. STAT. § 427.101, et seq.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in City of Madison, Dane County, State of Wisconsin.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and a person or customer as those terms are used in WIS. STAT. §§ 427.105 and 425.304.

9. Plaintiff allegedly owes a debt or a claim as those terms are defined respectively by 15 U.S.C. § 1692a(5) and WIS. STAT. § 427.103(1).

10. Defendants are debt collectors as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Source is a New York limited liability company and collection agency based in the City of Rochester, Monroe County, State of New York.

13. Hopkins is a natural person residing in the City of Rochester, Monroe County, State of New York.

14. Defendants are engaged in the collection of debt within the State of Wisconsin.

15. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to

third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendant is attempting to collect an alleged consumer debt from Plaintiff, allegedly arisen from a payday loan.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. If at one point in time the debt was owed, the statute of limitations has passed.

23. In or around October 2020, Source began calling Plaintiff on her telephone number at xxx-xxx-2371, in an attempt to collect the alleged debt.

24. Source calls Plaintiff from 608-807-5622 and 715-953-4976, which are two of Defendant's telephone numbers.

25. In or around October 2020, one of Source's female collectors, Christine Mills ("Christine"), called Plaintiff and left the following voicemail message on Plaintiff's telephone:

> This is Christine Mills calling for. Kristin Sorenson. This is a courtesy call regarding a claim in my office. My intent at this time is to move forward by

3

> the end of the business day. For whatever reason, there was a failure to respond. I also need to inform you, my efforts were documented. The claim has been verified and you were notified. Any concerns, please contact 866-568-4463.

26. The telephone number 866-568-4463 belongs to Source.

27. Christine was working within the scope of her employment when she communicated with Plaintiff.

28. Christine is or should be familiar with the FDCPA and the WCA.

29. Christine knows or should know that the FDCPA and the WCA require a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

30. After receiving the above-mentioned voicemail message, Plaintiff called Source at 866-568-4463 and spoke with Source's male representative, Alexander Michaels ("Alexander").

31. During the conversation with Alexander:

    a. Alexander demanded for Plaintiff to make a payment to Source in the amount of $1,421.00.

    b. Alexander threatened to take legal action against Plaintiff.

    c. Alexander threatened criminal charges against Plaintiff.

    d. Alexander threatened to arrest Plaintiff.

    e. Alexander falsely represented that Plaintiff wrote a bad check.

32. To date, Source has not taken legal action against Plaintiff.

33. Source never intended to take legal action against Plaintiff.

34. Source cannot lawfully press criminal charges against Plaintiff.

35. Source cannot lawfully arrest against Plaintiff.

36. Source's actions were calculated to coerce Plaintiff into payment of the alleged debt.

37. The natural consequences of Source's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

38. The natural consequences of Source's actions was to produce an unpleasant and/or hostile situation between Source and Plaintiff.

39. The natural consequences of Source's actions was to cause Plaintiff mental distress.

40. Hopkins is an owner of Source.

41. Hopkins is a member of Source.

42. Hopkins is a managing member of Source.

43. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

44. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

45. At all relevant times, acting alone or in concert with others, Hopkins has formulated,

directed, controlled, had the authority to control, or participated in the acts and practices of Source, and its employees, including the acts and practices set forth in this Complaint.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

47. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Source engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendants violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Source left a voicemail message on Plaintiff's telephone and did not disclose the communication is from Source Solutions Management;

    c. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendants engaged in engaged in, at least, the following discrete violations of § 1692e;

    d. Defendants violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the arrest of any person unless such action is lawful and the debt collector or creditor intends to take such action, when Source threatened criminal charges against Plaintiff and when Source threatened to arrest Plaintiff;

    e. Defendants violated § 1692e(5) of the FDCPA by threatening to take any action

that cannot legally be taken or that is not intended to be taken, when Source threatened to take legal action against Plaintiff, when Source threatened criminal charges against Plaintiff and when Source threatened to arrest Plaintiff;

    f.   Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Source falsely represented that Plaintiff wrote a bad check;

    g.   Defendants violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Source's collector left a voicemail message on Plaintiff's telephone and did not disclose the communication is from a debt collector and in an attempt to collect a debt; and

    h.   Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendants engaged in all of the foregoing misconduct.

48. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, KRISTIN SORENSON, respectfully requests that judgment be entered against Defendants for the following:

50. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as

a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

51. Statutory damages from Defendants pursuant to 15 U.S.C. § 1692k(a)(2)(A);

52. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

53. For such other and further relief as the Court may deem just and proper.

**COUNT II:**
**DEFENDANTS VIOLATED THE WISCONSIN CONSUMER ACT**

54. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

55. Defendants violated the Wisconsin Consumer Act.  Defendant's violations include, but are not limited to, the following:

    a.  Defendants violated WIS. STAT. § 427.104(1)(b) by threatening criminal prosecution, when Source threatened criminal charges against Plaintiff and when Source threatened to arrest Plaintiff;

    b.  Defendants violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to harass the customer, when Source engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    c.  Defendants violated WIS. STAT. § 427.104(1)(j) by claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist, when Source threatened to take legal action against Plaintiff, when Source threatened criminal charges against Plaintiff and when Source threatened to arrest Plaintiff; and

    d.  Defendants violated WIS. STAT. § 427.104(1)(l) by threatening action against the customer unless like action is taken in regular course or is intended with respect to

the particular debt, when Source threatened to take legal action against Plaintiff.

56. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

57. As a result of the foregoing violations of the Wisconsin Consumer Act, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KRISTIN SORENSON, respectfully requests that judgment be entered against Defendants for the following:

58. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) including for the emotional distress or mental anguish suffered as a result of both the intentional and/or negligent violations of the Wisconsin Consumer Act, in an amount to be determined at trial;

59. Statutory damages from Defendants pursuant to WIS. STAT. § 427.304(1);

60. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

61. For such other and further relief as the Court may deem just and proper.

DATED: September 21, 2021                    Respectfully submitted,

AGRUSS LAW FIRM, LLC


By: /s/ Michael S. Agruss
Michael S. Agruss
IL Bar No. 6281600
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
312-224-4695 – office
312-253-4451 – facsimile
michael@agrusslawfirm.com
Attorney for Plaintiff